IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA JONES, On Behalf of Herself and All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-cv-798 |
| COVINGTON CREDIT OF TEXAS, INC. (d/b/a and/or a/k/a Covington Credit, SM Credit, and/or Southern Management Corporation), | § § § § § | JURY TRIAL DEMANDED COLLECTIVE ACTION |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Yolanda Jones ("Plaintiff"), on behalf of herself and all others similarly situated, files this Complaint against Covington Credit of Texas, Inc. (d/b/a and/or a/k/a Covington Credit, SM Credit, and/or Southern Management Company) ("Defendant" or "Covington Credit"), showing in support as follows:

### I.  NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA/PPPA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven day workweek as an employee of Defendant.

2. Plaintiff files this lawsuit on behalf of herself and as a FLSA/PPPA collective action on behalf of all other similarly situated current and/or former employees of Defendant who work(ed) as branch network collectors, and like Plaintiff, are not/were not paid time and one-half

their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

3. Plaintiff and the collective action members seek all damages available under the FLSA/PPPA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES, JURISDICTION, AND VENUE

**A.   Plaintiff Yolanda Jones**

4. Plaintiff is a natural person. She has standing to file this lawsuit.

5. Plaintiff was an employee of Defendant with her last date of employment being approximately late February 2020.

6. Plaintiff worked as a branch network collector for Defendant. Plaintiff's pay was purported to be salary. Plaintiff was also eligible for bonus pay.

7. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA/PPPA action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent to join is attached to this Complaint as Exhibit A.

**B.   Collective Action Members**

8. The putative collective action members are all current and/or former branch network collector employees of Defendant who are not/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. All remuneration paid to the putative collective action members, including purported salary pay and bonus pay, is and/or should have been included in calculating their respective regular rates of pay. Because Defendant did not and does not pay all overtime premium compensation to its branch network collector employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff

and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA/PPPA.

9.  The relevant time period for the claims of the putative collective action members is three years preceding the date this lawsuit was filed and forward, or such other time period as deemed appropriate by the Court.

10. Plaintiff reserves the right to redefine the class, request more than one class, and/or request sub-classes relative to any motion for conditional certification filed in this lawsuit.

C. **Defendant Covington Credit of Texas, Inc. (d/b/a and/or a/k/a Covington Credit, SM Credit, and/or Southern Management Corporation)**

11. Defendant is a domestic corporation.

12. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

13. Defendant's principle place of business according to records on file with the Texas Secretary of State is 101 North Main Street, Suite 600, Greenville, South Carolina 29601.

14. Plaintiff was employed by Defendant in Dallas County, Texas.

15. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

16. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

17. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

18. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved

in and/or produced for commerce. Examples of such goods and/or materials include computers, printers, desks, chairs, office supplies, and communications equipment.

19. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

20. Defendant may be served with summons through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**D.     Jurisdiction and Venue**

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

23. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

24. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA/PPPA.

25. Venue is proper in this Court because Plaintiff worked for Defendant in Dallas County, Texas.

### III.     FACTUAL BACKGROUND

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27. Covington Credit is a small loan consumer finance company.

28. Southern Management Corporation owns 100% of Covington Credit and is a leading small loan consumer finance company and is amongst the largest companies offering such services in the United States.

29. Covington Credit has and/or had numerous locations in Texas where it employs and/or employed employees similarly situated to Plaintiff.

30. Like Plaintiff, those branch network collectors are and/or were paid a purported salary in addition to being eligible for bonus pay.

31. Plaintiff routinely worked in excess of 40 hours in numerous seven-day workweeks as an employee of Defendant. However, Defendant did not pay Plaintiff time and one-half her regular rate of pay for all of those hours worked over 40 in each and every seven-day workweek in the time period relevant to Plaintiff's claims.

32. Similarly, the putative collective action members work/worked in excess of 40 hours in numerous seven-day workweeks as employees of Defendant. However, Defendant does not and/or did not pay the putative collective action members time and one-half their respective regular rates of pay for all of those hours worked over 40 in each and every seven-day workweek in the time period relevant to Plaintiff's claims (three years preceding the date this lawsuit was filed and forward).

33. Defendant is and was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay when they work/worked in excess of 40 hours in each and every seven-day workweek pursuant to 29 U.S.C. § 207(a)(1).

34. The failure of Defendant to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for each and every hour worked over 40 in a seven-day workweek is a violation of the FLSA/PPPA.

## IV.     CONTROLLING LEGAL RULES

35.     The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

36.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

37.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

38.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

39.     With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

40. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V. FLSA/PPPA CLAIMS

41. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

42. All conditions precedent to this suit, if any, have been fulfilled.

43. At relevant times, Defendant is and/or was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

44. At relevant times, Defendant is and/or has been an enterprise engaged in commerce under the FLSA/PPA. 29 U.S.C. § 203(s)(1)(A).

45. Plaintiff and the putative collective action members are and/or were employees of Defendant pursuant to the FLSA/PPPA. 29 U.S.C. § 203(e).

46. Plaintiff and the putative collective action members are and/or were covered employees under 29 U.S.C. § 207(a)(1).

47. Plaintiff and the putative collective action members are and/or were paid a purported salary by Defendant in addition to being eligible for bonus pay.

48. At material times, Plaintiff and the putative collective action members regularly work and/or worked in excess of 40 hours per seven-day workweek as employees of Defendant.

49. Defendant is and/or was required to pay Plaintiff and the putative collective action members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1). That regular rate of pay must include all remuneration paid to Plaintiff and the putative collective action members, including bonus pay.

50. Defendant is and/or was required by the FLSA/PPPA to include all remuneration it paid to Plaintiff and the putative collective action members in calculating their respective regular rates of pay.

51. Defendant failed to pay Plaintiff and putative collective action members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

52. The putative collective action members are and/or were similarly situated to the Plaintiff and to each other under the FLSA/PPPA. 29 U.S.C. § 216(b).

53. Defendant's violations of the FLSA/PPPA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff and the putative collective action members are not and were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven-day workweek. Defendant knew and/or had reason to believe that Plaintiff and the putative collective action members were working overtime hours for which they were not paid all FLSA/PPPA overtime wage compensation owed.

54. Plaintiff and the putative collective action members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

### VI.     FLSA/PPPA COLLECTIVE ACTION

55. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis. *See Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007) (Fish, J.) (certifying nationwide collective action in FLSA case); *see also*, *Jones v. SuperMedia Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (Boyle, J.) (same).

56. Plaintiff seeks to represent a collective action under 29 U.S.C. § 216(b) on behalf of herself and all current and/or former employees of Defendant who: (a) are and/or were employed as branch network collectors, and (b) are not and/or were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven day workweek in the relevant time period. Because Defendant did not and does not pay all overtime premium compensation owed to its branch network collectors employees who routinely work(ed) in excess of 40 hours per workweek, Plaintiff and the putative collective action members are all similarly situated within the meaning of Section 216(b) of the FLSA.

57. The relevant time period for this collective action is three years preceding the date this lawsuit was filed and forward, or such other time period deemed appropriate by the Court.

58. Plaintiff reserves the right to establish sub-classes and/or modify collective action definition in any collective action certification motion or other filing.

## VII. JURY DEMAND

59. Plaintiff demands a jury trial.

## VIII. DAMAGES AND PRAYER

60. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the Collective Action Members be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. An order conditionally certifying this case as a FLSA/PPPA collective action and requiring notice to be issued to all putative collective action members;

   b. All damages allowed by the FLSA/PPPA, including back overtime wages;

   c. Liquidated damages in an amount equal to back FLSA/PPPA mandated wages;

   d. Legal fees;

  e. Costs;

  f. Post-judgment interest; and/or

  g. All other relief to which Plaintiff and the Collective Action Members are entitled.

Date: April 6, 2020.

                Respectfully submitted,

            By: <u>s/ Allen R. Vaught</u>
               Allen R. Vaught
               Attorney-In-Charge
               TX Bar No. 24004966
               avaught@txlaborlaw.com
               Nilges Draher Vaught PLLC
               1910 Pacific Ave., Suite 9150
               Dallas, Texas 75201
               (214) 251-4157 – Telephone
               (214) 261-5159 – Facsimile

               ATTORNEYS FOR PLAINTIFF